**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stremor Corp., | No. CV-14-01230-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Brandon Wirtz; Blackwater Ops, | |
| Defendant. | |

Before the Court is Defendants' Motion to Add as Counterdefendants William Irvine, Stephen Melzer, and Mark Allen (Doc. 64).

**I.     BACKGROUND**

Plaintiff Stremor Corp. is an Arizona corporation that develops and sells software programs that are distributed, licensed, and used via the Internet. It claims ownership of a natural language processing ("NLP") technology and a separate program named "Stremor-Cache," which is used to enhance the performance of Stremor's NLP technology through caching.

Defendant Brandon Wirtz is the sole proprietor of Blackwater Ops. Wirtz has applied for U.S. copyright registration for certain software products. Blackwater Ops holds the right to license Wirtz's products. From approximately February 2012 to May 2014, Wirtz was employed by Stremor as its Chief Technology Officer.

When Wirtz joined Stremor, he brought with him software technology and allowed Stremor to use certain aspects of the technology to improve the performance of certain aspects of Stremor's NLP technology. Stremor claims that it assessed Wirtz's

software technology and then developed Stremor-Cache "starting from scratch." Stremor alleges that Stremor-Cache is completely new source code and "Stremor's NLP technology is an original work resulting from independent design and creative and inventive efforts of Stremor's employees." Stremor further alleges that the codes of Wirtz's technology and Stremor-Cache are distinctly different, and Stremor does not infringe, induce infringement, or contribute to any valid and enforceable copyrights held by Defendants. Stremor alleges that Wirtz has made false claims of copyright infringement to potential clients and companies with which Stremor has existing or potential relationships.

Wirtz seeks leave to add as counterdefendants William Irvine, Stephen Melzer, and Mark Allin, officers and board members of Stremor. Wirtz alleges that the proposed counterdefendants were involved in or otherwise approved actions against Wirtz, including fraud, wrongful termination, unfair competition/trade secret misappropriation, direct and indirect copyright infringement, and negligent representation. The proposed counterdefendants were previously named as defendants in state court litigation by Wirtz, which apparently Wirtz dismissed after Stremor initiated this federal court action on June 4, 2014. On June 9, 2014, Wirtz filed an answer with a counterclaim for copyright infringement and injunctive relief. On June 11, 2014, Stremor filed its first amended complaint, adding Blackwater as a defendant. Stremor's initial complaint and the first amended complaint both alleged two counts: (1) Declaratory Judgment of Non-Infringement of Copyright and (2) Temporary Restraining Order and Preliminary Injunction. On June 12, 2014, a preliminary injunction hearing was held during which the parties reached an agreement that was stated on the record and filed on June 13, 2014.

On July 25, 2014, Stremor filed its Second Amended Verified Complaint for Declaratory Judgment (Doc. 48), which alleges three counts: (1) "Declaratory Judgment of Non-Infringement of Copyright"; (2) "Breach of Contract—Section 5 of At-Will Employment, Non-Disclosure, and Non-Competition Agreement"; and (3) "Preliminary Injunction and Permanent Injunction." It alleges original jurisdiction relating to

copyrights under 28 U.S.C. §§ 1331 and 1338(a). It does not allege supplemental jurisdiction under 28 U.S.C. § 1367.

On August 29, 2014, Wirtz and Blackwater filed answers to the Second Amended Complaint for Declaratory Judgment and counterclaims. On September 8, 2014, the answers and counterclaims were stricken for failure to obtain leave of Court to add counterdefendants. On September 19, 2014, Wirtz and Blackwater filed the instant motion to do so and lodged their proposed answers and counterclaims. The proposed pleadings include two federal copyright infringement claims and fourteen additional claims, which appear to be based on state law and employment-related agreements between Wirtz and Stremor.[1] On October 13, 2014, Stremor responded to Defendants' motion to add counterdefendants. On October 23, 2014, Defendants filed a reply in support of their motion.

## II. ANALYSIS

Stremor opposes Stremor's motion to add counterdefendants for several reasons, including that the Court lacks supplemental jurisdiction over Defendants' state law claims. It also contends that, even if the Court has supplemental jurisdiction, it should decline to exercise it because Wirtz's state law counterclaims will predominate over the narrow issues raised in Stremor's copyright infringement action.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a

---

[1] Proposed Counterclaim III is titled "Misappropriation of Trade Secrets Under Federal and Arizona Law, A.R.S. § 401" and refers to "unfair trade practices in violation of the Arizona Uniform Trade Secrets Act and Federal law" without identifying the "Federal law" involved. Other proposed counterclaims include fraud, negligent misrepresentation, breach of contract, etc.

'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Stremor describes its Second Amended Complaint as "a fairly straightforward and narrow claim" requiring "a fairly narrow and technical scope of litigation arising from a fairly narrow sets [*sic*] of facts and conduct." It states: "All of Wirtz's [state law] claims arise from his pre-termination employment status, while, to the contrary, Stremor's claims arise from a narrow analysis of software packages, which ultimately may turn on a question of law as to whether infringement exists." (Doc. 69 at 5.) Stremor's assertion that the numerous facts regarding Wirtz's employment are irrelevant to the copyright infringement question is corroborated by Wirtz's motion to strike specific paragraphs of the first amended complaint. (Doc. 39.) Wirtz contended then, before Stremor added a breach of contract claim, that "the substance of the claim brought by Plaintiff involves the question as to whether Plaintiff's technology utilizes Defendant's intellectual property and whether any such use is valid." Wirtz objected to Stremor including factual allegations about the parties' employment relationship that were "distracting and ultimately irrelevant to the claims." The Court agrees with both parties and finds Stremor's federal copyright infringement claim and its state law breach of contract claim do not share a "common nucleus of operative fact" and thus are not so related that they form part of the same case or controversy necessary for supplemental jurisdiction. Likewise, Defendants' proposed state law counterclaims are not so related that they form part of the same case or controversy as Stremor's and their federal copyright infringement claims.

Even if the Court had supplemental jurisdiction over Stremor's state law claim, it would decline to exercise jurisdiction. "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). "In exercising its discretion to decline

supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." *Bahrampour*, 356 F.3d at 978 (internal quotation marks and citations omitted). Although Stremor describes its Second Amended Complaint as "a fairly straightforward and narrow claim," more than 30 of its 96 paragraphs allege facts related to Wirtz's employment and unrelated to the "narrow analysis of software packages" required to determine copyright infringement. Trying the parties' employment and contractual disputes will be fact intensive, involving who said what to whom and with what economic consequences in a complicated market. Trying the federal copyright infringement claims likely will involve expert analysis of program code with limited fact witness testimony, thus requiring minimal fact discovery and no analysis of "personal animus." Trying these claims together would not accommodate the values of economy and convenience.

Similarly, Defendants' proposed counterclaims include fourteen state law claims that are not part of the same case or controversy, but even if they were, the Court would decline to exercise supplemental jurisdiction because they would substantially predominate over the federal claims. Moreover, based on Defendants' proposed pleading, it appears unlikely that Defendants will allege that the proposed individual counterdefendants, Irvine, Melzer, and Allin, have individual liability for Stremor's copyright infringement actions.

In summary, the Court has original jurisdiction over Count One of the Second Amended Verified Complaint for Declaratory Judgment (Doc. 48). This narrow claim is limited to whether Stremor has infringed Wirtz's[2] purported federal copyrights in specific software technology and does not include alleged violations of "any other federal or state,

---

[2] None of the pleadings have yet alleged facts showing that Blackwater Ops is a proper party for either side's copyright infringement claims.

1  statute, or common laws" despite a passing reference to such.  Count Two of the Second
2  Amended Verified Complaint for Declaratory Judgment claims breach of an employment
3  contract, a state law claim over which the Court does not have supplemental jurisdiction
4  and would decline to exercise supplemental jurisdiction for the reasons stated herein.
5  Count Three of the Second Amended Verified Complaint for Declaratory Judgment seeks
6  injunctive relief against Wirtz for conduct inconsistent with the declaratory judgment
7  sought in Count One.  Until Stremor obtains a declaratory judgment of non-infringement,
8  it is premature for Stremor to seek injunctive relief to prevent actions that Wirtz may or
9  may not be entitled to take.  Therefore, the Second Amended Verified Complaint for
10 Declaratory Judgment (Doc. 48) will be dismissed with leave to file a further amended
11 complaint alleging only its narrow claim for declaratory judgment regarding copyright
12 infringement.

13    If Plaintiff files a further amended complaint, Defendants may file a responsive
14 pleading that conforms to the Court's findings in this Order.  That is, the Court does not
15 have supplemental jurisdiction over state law claims regarding Wirtz's employment
16 relationship with Stremor.  Further, Defendants may not add counterdefendants to this
17 litigation without seeking leave of the Court and alleging a factual basis for each
18 proposed counterdefendant's liability under each of Defendants' federal copyright
19 infringement claims.

20    These findings have rendered moot many of the parties' arguments, *e.g.*, whether
21 under these circumstances Defendants are entitled to add counterdefendants without leave
22 of court, whether joinder of the proposed counterdefendants is required, whether the
23 proposed counterclaims are futile, etc.

24    IT IS THEREFORE ORDERED that in this narrow copyright infringement action
25 the Court does not have supplemental jurisdiction over state law claims related to
26 Plaintiff Stremor Corp.'s employment of or relationship with Defendant Brandon Wirtz.

27    IT IS FURTHER ORDERED that the Second Amended Verified Complaint for
28 Declaratory Judgment (Doc. 48) is dismissed with leave to file **by December 19, 2014**, a

further amended complaint alleging only a claim for declaratory judgment of non-infringement of copyright and only facts directly relevant to the claim.

IT IS FURTHER ORDERED that if Plaintiff files a further amended complaint by December 19, 2014, Defendants may file a responsive pleading by **January 9, 2015**.

IT IS FURTHER ORDERED that Defendants' Motion to Add as Counterdefendants William Irvine, Stephen Melzer, and Mark Allen (Doc. 64) is denied as moot.

Dated this 4th day of December, 2014.

Neil V. Wake
United States District Judge